UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeremy S. Sweat, # 326997, <br> *a/k/a Jeremy Sweat,* <br><br> Plaintiff, <br><br> vs. <br><br> Ms. Lock Lure, "Sergent," <br><br> Defendant. | ) C/A No. 2:15-263-JMC-MGB <br> ) <br> ) <br> ) <br> ) <br> ) Report and Recommendation <br> ) <br> ) <br> ) <br> ) |

This is a civil rights action filed by a state prisoner. The plaintiff is an inmate at the Broad River Correctional Institution of the South Carolina Department of Corrections. The defendant is a sergeant at the Broad River Correctional Institution. In the plaintiff's answers on page 2 of the complaint, the plaintiff states that this case concerns "filing false charges[.]" (doc. 1 at 2).

The "STATEMENT OF CLAIM" portion of the Section 1983 complaint reveals that this civil rights action concerns prison disciplinary proceedings. The plaintiff alleges or contends: (1) on February 14, 2014, "everybody" in the dorm was waiting for "them" to call the inmates to go eat, when the defendant asked the plaintiff why he was wearing a coat (*id*. at 3); (2) at the defendant's direction, the plaintiff took off his coat (*id*.); (3) after the plaintiff put his coat back on, the defendant tried to deadlock the plaintiff, but, after the plaintiff refused to be deadlocked, he was taken to Operations and the lieutenant there deadlocked the plaintiff (*id*.); (4) the plaintiff was not fed his first meal when he was

deadlocked (*id*.); (5) the plaintiff "charged after" the defendant, but at no time did the plaintiff threaten to kill her (*id*.); (6) the plaintiff was taken to SMU (*id*.); and (7) "that's when she [the defendant] wrote a bogus incident report saying that" the plaintiff had threatened to kill her (*id*. at 3-4). In his prayer for relief, the plaintiff seeks $20,000 for mental damage that the plaintiff sustained in SMU as a result of the false document filed by the defendant (*id*. at 5).

Appended to the complaint are fifty-nine pages of exhibits.  Those exhibits include an Order of Dismissal issued by the South Carolina Administrative Law Court on August 21, 2014, in Docket No. 14-ALJ-04-591-AP (SCDC Grievance No. BRCI 0260-14) relating to a disciplinary charge of damage to property, as to which no good time was lost (doc. 1-1 at 1–2); what appears to be a case tracking document from the South Carolina Administrative Law Court relating to Grievance No. BRCI 0260-14 (*id*. at 3); the plaintiff's Notice of Appeal and brief in Grievance No. BRCI 0260-14 (*id*. at 4–51); the plaintiff's Step 1 grievance in Grievance No. BRCI 0261-14 dated March 19, 2014, relating to the charge of threatening to kill the defendant in this case (*id*. at 52); the Warden's decision of April 9, 2014, on the Step 1 appeal in Grievance No. BRCI 0261-14  (*id*. at 53–54); the plaintiff's Step 2 appeal and SCDC decision in Grievance No. BRCI 0261-14 (*id*. at 55); the plaintiff's Step 2 appeal and SCDC decision in Grievance No. BRCI 0260-14, which relates to the charge of damage to property (*id*. at 56–57); the plaintiff's Step 1 appeal and SCDC decision in Grievance No. BRCI 0260-14 (*id*. at 58); and the Warden's decision on the plaintiff's step 1 grievance in Grievance No. BRCI 0260-14 (*id*. at 59).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Social Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff's placement in administrative segregation in the Special Management Unit (SMU), custody level, and classification are not actionable. The act of placing a detainee or prisoner in administrative segregation or higher custody is not punitive *per se* because it is rationally connected to legitimate governmental objectives. Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather v. Reynolds*, 586 F. Supp. 2d at 557–58; *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); and

*Keeler v. Pea*, 782 F. Supp. 42, 43–44 (D.S.C. 1992) (South Carolina law confers no protected liberty interest upon inmates of the South Carolina Department of Corrections from being classified, or being placed in administrative segregation, in a particular prison, or in a particular section of a prison).

The plaintiff's Section 1983 claims relating to his prison disciplinary proceedings are subject to summary dismissal because of the holding in *Heck v. Humphrey*, 512 U.S. 477 (1994). The Supreme Court has extended the holding in *Heck* to a prisoner's claim for damages regarding loss of good time credits. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) ("We conclude, therefore, that respondent's claim for declaratory relief and money damages, based on allegations of deceit and bias on the part of the decisionmaker that necessarily imply the invalidity of the punishment imposed, is not cognizable under § 1983."). This District Court has applied *Heck* to prison disciplinary proceedings. *Edwards v. Ogunsile*, Civil Action No. 0:09-3319-TLW-PJG, 2011 WL 779884, at *3 (D.S.C. Jan. 24, 2011) ("The rule in *Heck* applies to prison disciplinary convictions as well as criminal ones.").

Although the plaintiff refers only to Grievance No. BRCI 0261-14 (the disciplinary conviction relating to the threat to kill the defendant) in the complaint, his exhibits also include documents related to Grievance No. BRCI 0260-14 (the disciplinary conviction relating to damage to property). The plaintiff's exhibits indicate that he did not receive a favorable termination in either grievance. Hence, the plaintiff has failed to satisfy the "favorable termination" requirement of *Heck v. Humphrey*.

Under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(e), the plaintiff is not entitled to relief for what he refers to as "mental damage." *Merriweather v. Reynolds*, 586 F. Supp. 2d at 558–59 (collecting cases).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

May 20, 2015  
Charleston, South Carolina

_____  
MARY GORDON BAKER  
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk of Court**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).